UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 12-10121-RWZ

UNITED STATES OF AMERICA

v.

TYRONE VICK

ORDER

May 20, 2013

ZOBEL, D.J.

Both parties have filed a number of motions in anticipation of trial. I will consider each one in turn below.

A.   **Motions by the Government**

1. On the motion to seal and the motion to permit impeachment (Docket # 48): The motion to seal is ALLOWED. I defer ruling on the motion to permit impeachment until the trial.

2. On the motion to preclude defendant from asking about the Solomon drug certifications (Docket # 76): This motion seeks to preclude defendant from questioning Kate Corbett, the state drug lab chemist who tested the drugs at issue in this case, about certain misdeeds alleged in a recently filed civil action in which she is named as a defendant. To the extent the questions pertain to her credibility, they may be proper under Rule 608(b). However, I defer ruling on any specific questions until the trial.

3. Finally, the government has filed two memoranda raising evidentiary issues. The first (Docket # 57) argues for the admissibility of testimony by Officer Jahad Hasan that the substance at issue in this case is crack cocaine. Defendant has not moved to exclude that testimony. If proffered, the testimony would be admissible.

The second memorandum (Docket # 53) argues for the admissibility of testimony by Officer Joao Monteiro that the manner in which the alleged transaction took place, and the pattern of telephone calls preceding the alleged transaction, indicate that defendant was the seller rather than the buyer. This issue is the subject of two of defendant's motions in limine (Docket ## 66 and 69), and so I address it below.

**B.    Motions by Defendant**

1. On the motion to admit findings of an internal investigation (Docket # 61): This motion seeks admission into evidence of a report by the Massachusetts Department of Public Health regarding problems at the Jamaica Plain state drug laboratory. The report focuses on the misdeeds of Annie Dookhan, formerly a chemist at that laboratory. Although the drugs in this case were apparently tested at the Jamaica Plain laboratory, the tests were conducted after Annie Dookhan had left the laboratory, and none of the chemists who conducted the tests in this case are mentioned in the report. However, the report does refer to general flaws at the laboratory that may well be relevant to any defense regarding the nature of the substance in this case.

The state of the evidence at the time the report is offered will likely illuminate its admissibility. Therefore, I defer ruling on this motion until the trial.

2. On the motion to preclude reference to prejudicial terms (Docket # 62): This

motion is DENIED, in view of the government's agreement that it will only succinctly describe why the officers were at the Dunkin' Donuts at issue.

3. On the motion to file under seal (Docket # 64): This motion is ALLOWED.

4. On the motion to oppose the government's expert (Docket # 66) and the motion to exclude phone records (Docket # 69): These motions, which are also related to the government's memorandum described above (Docket # 53), seek to exclude two pieces of evidence: (1) telephone records of calls between defendant's telephone and two other numbers between January 24, 2012 and March 2, 2012; and (2) testimony by Officer Joao Monteiro that the pattern of these calls, along with the manner in which the alleged transaction took place, demonstrate that defendant was the seller rather than the buyer in the alleged transaction. Monteiro did not personally observe either the telephone calls at issue or the alleged transaction.

Although Monteiro's testimony may well be admissible as expert or lay opinion testimony, the probative value of this testimony and of the phone records is substantially outweighed by the danger of unfair prejudice. Defendant is charged only with a single sale. Evidence of five weeks' worth of telephone calls, together with Monteiro's proposed testimony, implies an extended conspiracy without any other evidence to support such an inference. Moreover, Monteiro's proposed testimony regarding the manner of the transaction apparently would do no more than add an official imprimatur to the government's case. Cf. United States v. Flores-de-Jesus, 569 F.3d 8, 17-18, 20-21 (1st Cir. 2009).

Accordingly, these motions (Docket ## 66 and 69) are ALLOWED as to the

government's case in chief. However, if the evidence or argument presented by defendant at trial suggests a different balance between probative value and unfair prejudice, I may reconsider this ruling at the close of defendant's case and allow the government to present Monteiro's testimony in rebuttal.

5. The motion to sequester witnesses (Docket # 90) is ALLOWED without opposition.

6. On the motion to compel police phone records (Docket # 92): In this motion, defendant asks for the personal cell phone records of the officers involved in his arrest for the time immediately before, during, and immediately after his arrest. He wants to know whether the officers made any calls in that time period, and whether such calls were work-related or personal. He argues that this information is relevant to whether the officers were able to perceive the events or were distracted.

On the present record, the relevance and probative value of the phone records defendant requests is entirely speculative. Moreover, requiring production of these records would impinge on the officers' personal privacy. For these reasons, the motion is DENIED.

|  |  |
|---|---|
|    May 20, 2013    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |